IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

STEPHANIE HEATHER OSBORNE,

    Petitioner,

v.                                        Case No. 1:16-cv-05172

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's response to the Petition, stating that the petition should be dismissed, (ECF No. 9). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Petitioner is clearly not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241 petition be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

**I.**    **Factual and Procedural Background**

On December 21, 2007, Petitioner was convicted of conspiracy to distribute oxycodone and several counts of distribution of oxycodone in the United States District

1

Court for the Western District of Virginia (the "sentencing court"). (ECF No. 9-3 at 1). The sentencing court applied a two-level enhancement under § 2D1.1(b)(1) of the United States Sentencing Guidelines (the "Guidelines") based on Petitioner's possession of a firearm. (ECF No. 9-2 at 4). Petitioner did not directly appeal her conviction or sentence, but filed an unsuccessful motion to vacate her conviction under 28 U.S.C. § 2255. (ECF Nos. 1 at 2-4, 9-1 at 8-10, 9-2 at 4). In addition, Petitioner's sentence was subsequently reduced due to changes in the Guidelines. (ECF No. 9-1 at 10).

On May 25, 2016, Petitioner filed the instant § 2241 petition, challenging the two-level sentence enhancement that she received for possessing a firearm. (ECF Nos. 1, 2). Petitioner states that she filed a § 2241 petition to challenge her sentence, as opposed to a motion under § 2255, because she already filed a § 2255 motion and she meets the "manifest injustice exception" of the savings clause based upon the recent decision of the Supreme Court of the United States ("Supreme Court") in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down as unconstitutional the residual clause in the Armed Career Criminals Act ("ACCA"), and was made retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016). (ECF Nos. 1 at 5-7, 2 at 3-5). Petitioner also states that she is entitled to relief based upon the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which concerned sentences above the statutory maximum. (ECF No. 2 at 3).

Respondent contends that Petitioner's petition is not properly brought pursuant to § 2241 and should be dismissed or, alternatively, construed as a motion under § 2255 and transferred to the sentencing court. (ECF No. 9 at 3-6). Respondent further argues that *Johnson* is inapplicable because Petitioner was not sentenced as a career offender or under any residual clause. In addition, Respondent asserts that the holding established

in *Apprendi* is likewise immaterial in Petitioner's case because she was sentenced within the statutory maximum for her offenses. (*Id.* at 6-7).

## II.   Analysis

In her pleading, Petitioner clearly challenges the legality of her sentence, rather than its execution. (ECF Nos. 1, 2). Accordingly, Petitioner's action is properly brought under 28 U.S.C. § 2255, which is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241).

On limited occasion, the "savings clause" of 28 U.S.C. § 2255(e), allows a § 2241 petition to take the place of a § 2255 motion when the remedy under § 2255 is inadequate or ineffective, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Rather, the savings clause creates a narrow exception by which a petitioner may proceed under § 2241 if the claim meets three criteria: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the direct appeal and first § 2255 motion, the

substantive law changed such that the conduct of which the petitioner was convicted is now deemed not to be criminal; and (3) the petitioner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W.Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, Petitioner contends that her federal sentence is unconstitutional because the sentencing court improperly enhanced her sentence based upon her possession of a firearm. Consequently, unless Petitioner can show that her claim meets the criteria of the savings clause, she must proceed under 28 U.S.C. § 2255. In this case, Petitioner makes no such showing. Petitioner does not assert that the drug trafficking crimes of which she was convicted were decriminalized following her initial § 2255 motion. Moreover, Petitioner attacks only her sentence in this action, not her conviction. Considering that the Fourth Circuit has not extended the § 2255(e) savings clause to a petitioner who challenges only his or her sentence, Petitioner fails to satisfy the *Jones* criteria. *See Boysaw v. United States*, No. 5:13-CV-22529, 2017 WL 2766174, at *3-4 (S.D.W. Va. June 26, 2017); *Santiago v. United States*, No. CIV.A. 5:12-04522, 2014 WL 8036937, at *3 (S.D.W. Va. Aug. 29, 2014) (citing *United States v. Poole,* 531 F. 3d 263, 267 fn. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences); *Farrow v. Revell,* 541 F. App'x 327 (4th. Cir 2013) (same); *In re Jones,* 226 F.3d 328, 333–34 (4th Cir. 2000) (outlining the circumstances in which § 2255 is

4

inadequate or ineffective to test the legality of a *conviction*) (emphasis added). Therefore, the undersigned **FINDS** that Petitioner's claim is not cognizable under § 2241.

Given that Petitioner's claim is not properly brought under § 2241, the petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Here, Petitioner's petition must be dismissed as this court does not have jurisdiction in this matter and it would be futile to transfer the case to the appropriate court. Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, a § 2255 motion to vacate, set aside, or correct Petitioner's sentence must be filed in the court that imposed the sentence. *See* 28 U.S.C. § 2255(a) (directing the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence). It would be ineffective to transfer this case to the sentencing court because that court would be required to dismiss the action for lack of jurisdiction. Petitioner has not received authorization from the Fourth Circuit to file a second or successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A); accordingly, the sentencing court likewise lacks jurisdiction over Petitioner's claim. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W.Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W.Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W.Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W.Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

One last alternative to dismissal is for this court to exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and

transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Thus, a petition that is frivolous or time-barred may be dismissed by the district court, rather than transferred to the Fourth Circuit. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)).

For a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205.

Here, "tak[ing] a peek at the merits" of the petition, *Phillips*, 173 F.3d at 610, the undersigned **FINDS** that Petitioner does not satisfy the criteria of § 2255(h) for two reasons. First, Petitioner does not claim that there is newly-discovered evidence which would be sufficient to exonerate her. Second, Petitioner does not demonstrate a new rule of constitutional law, made retroactive on collateral review that would provide a foundation for a potentially meritorious § 2255 motion. Petitioner's sentence does not qualify for reconsideration under the recent *Johnson* decision, 135 S. Ct. at 2557, which held that the residual clause in the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Indeed, Petitioner was not sentenced under the ACCA or even any residual clause which resembled that in the ACCA. *Johnson* did not implicate or extend to the firearm enhancement that Petitioner challenges in this case.

Petitioner does not state any other "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" when she filed her initial § 2255 motion. In addition to *Johnson*, Petitioner relies on the Supreme Court's holding in *Apprendi*, which stated that "[t]he Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 466. *Apprendi* was decided in 2000, many years before Petitioner filed her initial § 2255 motion in 2008; thus, Petitioner could have raised an *Apprendi* claim in her first motion. Consequently, *Apprendi* certainly does not provide a *new* rule of constitutional law, even if the ruling was applicable to Petitioner's case, which does not appear to be the case as Petitioner was sentenced within the statutory maximum for her crimes.

An additional reason that this case should not be transferred to the Fourth Circuit

is that Petitioner's claim is very clearly time-barred. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner was convicted and sentenced on December 21, 2007 and she did not pursue a direct appeal. Therefore, Petitioner's conviction became final for the purpose of § 2255 on January 8, 2008 upon the conclusion of the ten days that she could have filed a notice of appeal in the Fourth Circuit. Fed. R. App. P. 4(b).[1] The AEDPA period began running the day after Petitioner's conviction became final and expired one year later. Notably, Petitioner's subsequent § 2255 motion and her sentence reduction did not affect the finality of her judgment or restart or toll the AEDPA period. *Jackson v. Revell*, 546 F. App'x 194, 195 n.2 (4th Cir. 2013); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001); *see*

---

[1] Amendments to the Federal Rules of Appellate Procedure went into effect on December 1, 2009. The method of calculating dates was amended to include intermediate Saturdays, Sundays, and legal holidays regardless of the time period. Fed. R. App. P. 26(a). Accordingly, many deadlines were extended, including Fed. R. App. P. 4(b), which was amended to allow criminal defendants fourteen days to file a notice of appeal. However, the undersigned applied the rule in effect at the time that Petitioner was sentenced, which allowed Petitioner ten days after the entry of judgment to file a notice of appeal, excluding intermediate Saturdays, Sundays, and legal holidays from the computation. *See Ervin v. United States*, No. 1:08-CR-128-7, 2011 WL 5075651, at *2 (W.D.N.C. Oct. 25, 2011); *United States v. Simpson*, 407 F. App'x 716, 716 n1, 717 (4th Cir. 2011).

*also United States v. Martin*, No. 3:07-CR-122, 2015 WL 5440734, at *3 n.4 (E.D. Va. Sept. 15, 2015) (collecting cases). Petitioner did not file this action for over eight years after her judgment of conviction became final. Moreover, Petitioner does not assert that there was an impediment to making this motion, the existence of newly-discovered facts, or a newly-recognized right that is applicable to her sentence, nor does Petitioner adduce any argument that some extraordinary circumstance prevented her from timely filing. 28 U.S.C. § 2255(f)(2)-(4); s*ee United States v. Salamanca*, No. 3:11-CR-255-HEH, 2016 WL 6093484, at *4 (E.D. Va. Oct. 18, 2016) (discussing equitable tolling in § 2255 actions).

Therefore, for all of the above reasons, the undersigned **FINDS** that Petitioner asserts no potentially meritorious claims that justify transfer to the Fourth Circuit.

### III.    Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**;

2. Respondent's request for dismissal of this action, (ECF No. 9), be **GRANTED**; and

3.  This action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the

Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:**  February 5, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge